DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which, following the entry of a guilty plea, sentenced appellant, William Henry "Tony" Moore, to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On October 17, 2000, an indictment was filed against appellant with six counts: four counts of trafficking in crack cocaine in violation of R.C. 2925.03(A); one count of possession of crack cocaine in violation of R.C. 2925.11(A); and one count of carrying a concealed weapon in violation of R.C. 2923.12(A). The violations were alleged to have occurred in May and July 2000.
 {¶ 3} On February 9, 2001, a second indictment was filed against appellant with two additional counts: one count of possession of crack cocaine in violation of R.C. 2925.11(A) and one count of preparation of cocaine for sale in violation of R.C.2925.07. The violations were alleged to have occurred in November 2000.
 {¶ 4} On June 8, 2001, a third indictment was filed against appellant with two additional counts of aggravated possession of drugs in violation of R.C. 2925.11(A). The violations were alleged to have occurred in July 2000.
 {¶ 5} On November 19, 2002, appellant entered a guilty plea to three counts: one count of trafficking in crack cocaine (count one from the first indictment) and one count of possession of crack cocaine and one count of preparation of cocaine for sale (counts seven and eight from the second indictment). On January 16, 2003, the trial court sentenced appellant to a term of eight years, with five years mandatory, on the possession count; four years on the preparation of cocaine for sale count; and seventeen months on the trafficking in crack cocaine count. The possession and preparation for sale counts were to be served consecutive to each other and concurrent with the trafficking count. Appellant filed a timely notice of appeal.
 {¶ 6} Appellant sets forth the following five assignments of error:
 {¶ 7} "Assignments of error and issues presented for review by appellant.
 {¶ 8} "ASSIGNMENT OF ERROR NO. 1 The Trial Court erred to the prejudice of the appellant when it sentenced the appellant to consecutive sentences on Count Seven and Count Eight of the indictment in violation of O.R.C. 2941.25 as to the conduct of defendant in said counts constituted two or more allied offenses of similar import.
 {¶ 9} "ASSIGNMENT OF ERROR NO. 2 The Trial Court erred to the prejudice of appellant by failing to hold a hearing on whether Count Seven and Count Eight were allied offenses of similar import.
 {¶ 10} "ASSIGNMENT OF ERROR NO. 3 The Court erred by failing to advise appellant that his pleas could mean Appellant would be ineligible for Judicial Release his entire prison term.
 {¶ 11} "ASSIGNMENT OF ERROR NO. 4 It was error when the Court failed to inform the Appellant that he had a right to confront his accusers at the time Appellant's guilty pleas were entered.
 {¶ 12} "ASSIGNMENT OF ERROR NO. 5 The Trial Court erred by not finding on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} In his first assignment of error, appellant argues that the trial court erred when it sentenced him on two counts that he argues were allied offenses of similar import. This court finds no merit in this assignment of error.
 {¶ 14} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clause of the United States and Ohio Constitutions. State v. Moore (1996), 110 Ohio App.3d 649,653. R.C. 2941.25 governs our analysis when determining whether two offenses are allied offenses of similar import. State v.Rance (1999), 85 Ohio St.3d 632, 636. Ohio's multiple count statute governs our analysis when determining whether the trial court violated appellant's right against double jeopardy. Id., paragraph three of the syllabus.[1]
 {¶ 15} Under Rance, the first step is to determine whether the offenses are "allied offenses of similar import" within the meaning of R.C. 2941.25.[2] Two offenses are "allied" if the elements of the crimes "`correspond to such a degree that the commission of one crime will result in the commission of the other.'" Id. at 636. If not, the court's inquiry ends. The crimes are considered offenses of dissimilar import and the defendant may be convicted, i.e., found guilty and punished, for both. R.C.2941.25(B); Id. However, if the elements do correspond in the manner described, the court must proceed to a second step. At that point, the court will review the defendant's conduct to determine if the crimes were committed separately or with a separate animus for each crime; if so, under R.C. 2941.25(B), the trial court may convict the defendant of both offenses. Id.
 {¶ 16} When undertaking the first step of the analysis,Rance expressly held that the court must compare the elements of the offenses in the abstract. Id., paragraph one of the syllabus. Put simply, the court must look at the statutory elements of the involved crimes without considering the particular facts of the case. Id. at 636-38.
 {¶ 17} In this assignment of error, appellant argues that drug trafficking pursuant to R.C. 2925.07(A) and drug possession pursuant to R.C. 2925.11(A) are allied offenses. At that time of the offense, R.C. 2925.07(A)[3] provided:
 {¶ 18} "No person shall knowingly do any of the following:
 {¶ 19} "* * *
 {¶ 20} "Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 21} R.C. 2925.11(A) provides:
 {¶ 22} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 23} In comparing the elements of these crimes in the abstract, this court cannot find the elements of R.C. 2925.07(A) correspond to the elements of R.C. 2925.11(A) to such a degree that the commission of one requires the commission of another. Thus, we find the offenses are not allied offenses of similar import. See, State v. Smith (June 19, 1992), 6th App. No. S-92-1; State v. Ross (Dec. 18, 1992), 6th App. No. E-92-24.
 {¶ 24} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 25} In his second assignment of error, appellant argues that the trial court erred when it failed to hold a hearing on whether two counts were allied offenses. This court finds no merit in this assignment of error.
 {¶ 26} In addressing this same argument in regard to drug trafficking and drug possession, the appellate court in State v.Fort, 8th App. No. 80604, 2002-Ohio-5068, ¶ 54, appeal denied, 98 Ohio St.3d 1491, 2002-Ohio-2234, concluded:
 {¶ 27} "Because it was apparent that the offenses were not allied offenses of similar import, the trial court had no duty to conduct a hearing pursuant to R.C. 2941.25."
 {¶ 28} This court agrees with the analysis of the Eighth Appellate District. Because it was apparent that appellant's offenses were not allied offenses of similar import, it was not necessary for the trial court to conduct a hearing.
 {¶ 29} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 30} In his third assignment of error, appellant argues that the trial court erred when it failed to advise him that he would be ineligible for judicial release during his prison term. This court finds no merit in this assignment of error.
 {¶ 31} In support of this assignment of error, appellant relies upon State v. Pape, 2nd App. No. 2000 CA 98, 2001-Ohio-1827. In Pape, the appellate court vacated the defendant's sentence because the trial court did not advise the defendant at the time of his plea proceedings that he was not eligible for judicial release because of the four year mandatory sentence on the drug trafficking count to which he pled. However, in State v. Kitchens, 2nd App. No. 2001 CA 92, 2002-Ohio-4335, ¶ 32, appeal denied, 98 Ohio St.3d 1411,2003-Ohio-60, the Second Appellate District distinguished Pape.
In Kitchens, the defendant was ultimately sentenced to a prison term aggregating 18 years. In rejecting the defendant's argument that the trial court erred in not determining he understood at the time of his plea that he was ineligible for judicial release, the appellate court stated:
 {¶ 32} "In the case before us, in contrast with Pape,
supra, the defendant was not ineligible for judicial release when his plea was tendered and accepted. He only became ineligible for release as a result of the trial court's exercise of its sentencing discretion to impose a sentence longer than ten years. The trial court could not have informed Kitchens, at the time of his plea, that he was ineligible for judicial release, without having predetermined his sentence, something the trial court certainly should not be required to do. Consequently, we distinguish the situation in the case before us from the situation in Pape, supra. At the time Kitchen's guilty plea was tendered and accepted, he was not ineligible for judicial release; his eligibility for judicial release had not yet been determined. Accordingly, the trial court was not obligated to determine that Kitchens understood that he was ineligible for judicial release."
 {¶ 33} This court agrees with the analysis of the Second Appellate District.
 {¶ 34} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 35} In his fourth assignment of error, appellant argues that the trial court erred when it failed to inform him at the time his guilty pleas were entered that he had a right to confront his accusers. This court finds no merit in this assignment of error.
 {¶ 36} Crim.R. 11(C)(2)(c) provides:
 {¶ 37} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 {¶ 38} "* * *
 {¶ 39} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 40} In relation to constitutional rights, such as waiver of the right to confront witnesses, strict compliance with the dictates of Crim.R. 11(C)(2)(c) is necessary before it can be determined that a plea was given knowingly, intelligently and voluntarily. State v. Colbert (1991), 71 Ohio App.3d 734, 737. The transcript in the case sub judice reflects that the court inquired whether appellant understood that by pleading guilty he would waive certain constitutional rights, and he acknowledged that he understood that concept. Then the court reviewed the rights which would be waived. The transcript of the plea hearing contains the following colloquy:
 {¶ 41} "THE COURT: * * * You understand, Mr. Moore, that when you're entering a guilty plea you're giving up certain rights? First of all, the Court's automatically going to be finding you guilty when you enter a guilty plea, you understand that?
 {¶ 42} "The Defendant: Yes.
 {¶ 43} "THE COURT: And you're giving up your right to a trial by jury? If you chose to go to trial today there would be 12 jurors seated in the jury box up there — excuse me, the Prosecutor would have to convince all 12 of them, each and everyone of those jurors, of your guilt beyond a reasonable doubt on each and every element of any offense before you could be convicted of that offense, do you understand that?
 {¶ 44} "The Defendant: Okay. Yes.
 {¶ 45} "* * *
 {¶ 46} "THE COURT: All right. You understand that if you chose to go to trial, [the Prosecutor] here would have the right to call his witnesses; [your defense attorney] could cross-examine those witnesses on your behalf; [your defense attorney] could use the subpoena power of the Court to bring in any witnesses that would testify favorably to you, so you're also waiving that right when you enter a plea, guilty plea, do you wish to waive that right at this time?
 {¶ 47} "The Defendant:Yeah.
 {¶ 48} "THE COURT: And finally, you understand that, as I said before, the Prosecutor is the one that bears the burden of proof at the trial, you would not have to take the stand in your own defense. If you chose not to take the stand, the Prosecutor could not comment to the jury on what that means to them, do you understand that?
 {¶ 49} "The Defendant:Yes.
 {¶ 50} "THE COURT: Do you wish to waive that right, as well?
 {¶ 51} "The Defendant: Yes."
 {¶ 52} In addressing this same argument in regard to waiver of the right to confront witnesses with a guilty plea, the appellate court in State v. Millhouse, 8th App. No. 79910, 2002-Ohio-2255, ¶ 47, after reviewing a substantially similar plea hearing colloquy, stated:
 {¶ 53} "Realizing that the right to confront witnesses against a defendant is done by the process of cross-examination of witnesses called by the state to testify against the accused, the record here supports the conclusion that the court explained and that Millhouse knew he would waive the right to confront witnesses against him by entering his guilty pleas."
 {¶ 54} This court agrees with the analysis of the Eighth Appellate District. The trial court sufficiently notified appellant of his right to confront his accusers when the court informed him of his right to cross-examine the state's witnesses.
 {¶ 55} Accordingly, appellant's fourth assignment of error is found not well-taken.
 {¶ 56} In his fifth assignment of error, appellant argues that the trial court erred by not finding on the record that the shortest prison term would demean the seriousness of his conduct or would not adequately protect the public from future crime by the offender or others. Appellant argues that the common pleas court failed to make the findings needed to impose more than the minimum sentences as well as consecutive sentences. This court finds no merit in this assignment of error.
 {¶ 57} R.C. 2929.14 (A) provides in relevant part:
 {¶ 58} "(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 {¶ 59} "* * *
 {¶ 60} "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 {¶ 61} "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
 {¶ 62} Appellant pled guilty to a felony of the first degree and received eight years; pled guilty to a felony of the third degree and received four years; and pled guilty to a felony of the fourth degree and received seventeen months. In regard to appellant's argument that he received more than the minimum sentences, R.C. 2929.14(B) provides:
 {¶ 63} "B) Except as provided in division (C), (D)(1), (D) (2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to R.C. 2929.14 (A) of this section, unless one or more of the following applies:
 {¶ 64} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 65} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 66} At the sentencing hearing, the trial judge noted that appellant previously had served three prison terms. Thus, appellant was not eligible for the shortest prison term authorized for any of these offenses.
 {¶ 67} In regard to appellant's argument concerning his consecutive sentences, in State v. Comer, 99 Ohio St.3d 463,2003 Ohio 4165, paragraph one of the syllabus, the Supreme Court of Ohio held:
 {¶ 68} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 69} Under R.C. 2929.14(E),[4] three findings are necessary for the court to order an offender to serve multiple prison terms consecutively. The court must find: (1) consecutive sentences are necessary either to protect the public or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) any of the following: (a) the offender committed the multiple offenses while awaiting trial or sentencing; (b) the harm caused by the multiple offenses was so great or unusual that no single term of imprisonment for offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Pursuant to R.C. 2929.19(B)(2)(c), the court must make a finding that gives its reasons for imposing consecutive sentences. "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings * * *." State v. Anderson
(2001), 146 Ohio App.3d 427, 437-438, 2001 Ohio 4297, ¶ 53. R.C.2929.19(B)(2) provides that:
 {¶ 70} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 71} "* * *
 {¶ 72} "(c) If it imposes consecutive sentences under section2929.12 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 73} In the instant matter, this court finds the trial court complied with R.C. 2929.14 when imposing consecutive sentences on appellant. First, the trial court found consecutive sentences were required in this case to protect the public from future crime and to punish the offender. Second, the trial court made a finding that the proposed consecutive sentences are not disproportionate to the seriousness of the offender's conduct. Third, the trial court made a finding that the proposed consecutive sentence is not disproportionate to the danger that the defendant posed to the public. And lastly, the trial court also specified which of the three enumerated circumstances is present from R.C. 2929.14(E)(4)(a)-(c), selecting sections (a) and (c) as the reasons for consecutive sentences.
 {¶ 74} In addition to making the above findings, the trial court is also required to give the reasons for its findings. Failure to sufficiently state the reasons for imposing consecutive sentences for convictions of multiple offenses constitutes reversible error. State v. Anderson,146 Ohio App.3d at 439-440, 2001 Ohio 4297, ¶ 71. The trial court stated the following reasons for imposing consecutive sentences. First, appellant has an extensive criminal history as well as the fact that appellant was awaiting trial when he committed some of the offenses. The court also noted that appellant had served prior prison terms. Additionally, at the sentencing hearing, the court found that that the question of remorse was "up in the air," and that it was hard to find appellant had genuine remorse for the crimes he committed. This court concludes the trial court's findings and reasons for consecutive sentences were proper.
 {¶ 75} Accordingly, appellant's fifth assignment of error is found not well-taken.
 {¶ 76} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Richard W. Knepper, J. and Judith Ann Lanzinger, J., concur.
[1] In Rance, 85 Ohio St.3d 632, paragraph three of the syllabus, when it addressed the Double Jeopardy Clause, the Ohio Supreme Court stated:
"In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. (Citations omitted.)"
[2] R.C. 2941.25 states:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
[3] R.C. 2925.07(A) was repealed in February 2001; while the statute was relocated as R.C. 2925.03(A)(2), the elements of the offense were not altered.
[4] R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and states in relevant part:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."