OPINION
{¶ 1} Defendant-appellant, Michael André Azan, proceeding pro se, appeals the decision of the Butler County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm the decision of the trial court.
 {¶ 2} On June 12, 1996, appellant pled guilty to a bill of information charging him with three counts of gross sexual imposition, one count of disseminating material harmful to juveniles, and one count of illegal use of a minor in nudity oriented material or performance. Appellant waived his right to prosecution by indictment and his right to a jury trial. Appellant also waived the waiting period after the service of the bill of information. The trial court accepted the plea and appellant was sentenced accordingly.
 {¶ 3} In 1999, this court allowed appellant to file a delayed appeal of his conviction and sentence. In his motion for delayed appeal, appellant claimed, inter alia, that his guilty plea was not made in a knowing, intelligent, and voluntary manner. Yet, his actual appeal only challenged his sentence. We upheld appellant's sentence in State v. Azan (June 26, 2000), Butler App. No. CA99-02-039.
 {¶ 4} In December 2001, appellant filed a "writ of error coram nobis 1651" in which he sought to withdraw his guilty plea on the ground that the trial court did not have jurisdiction to accept his plea. In January 2002, appellant filed a motion for judgment in which he argued, again, that the trial court did not have jurisdiction to accept his plea. The trial court summarily overruled the motion for judgment. On February 6, 2002, construing the writ as a petition for postconviction relief, the trial court denied appellant's "writ of error coram nobis" as untimely filed under R.C. 2953.21. Appellant did not appeal the trial court's foregoing decisions.
 {¶ 5} On August 18, 2003, appellant moved to withdraw his guilty plea pursuant to Crim.R. 32.1 on the grounds that his guilty plea was not voluntary, he received ineffective assistance of trial counsel, and the trial court did not have jurisdiction to accept his plea. On September 9, 2003, finding that appellant had failed to establish the existence of a manifest injustice, the trial court denied appellant's motion to withdraw his guilty plea. This appeal follows in which appellant raises three[1] assignments of error.
 {¶ 6} In his first assignment of error, appellant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Specifically, appellant contends that instead of considering the record, the trial court relied on Crim.R. 11(C) "with Draconian rigidity" before denying his motion. Appellant also contends that the trial court failed to inform him he was waiving his right to confront his accuser by pleading guilty. Finally, appellant contends that the trial court abused its discretion by denying his motion because of undue delay in filing it.
 {¶ 7} Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. A defendant seeking to withdraw his guilty plea after sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, 264. The Ohio Supreme Court has defined manifest injustice as a "clear or openly unjust act." State ex rel. Schneider v.Kreiner, 83 Ohio St.3d 203, 208, 1998-Ohio-271. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. Smith at 264.
 {¶ 8} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Smith at paragraph two of the syllabus. An appellate court, therefore, will not reverse the trial court's decision absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526.
 {¶ 9} Appellant first contends that the trial judge improperly relied on Crim.R. 11 instead of considering the record before denying his motion to withdraw his plea. It is well-established that to protect a criminal defendant's rights, Crim.R. 11(C) provides the procedure a trial judge must follow when accepting a guilty plea. State v. Boshko (2000),139 Ohio App.3d 827, 833. In his decision denying appellant's motion, the trial judge simply but specifically set forth what a trial judge must do under Crim.R. 11(C) before accepting a guilty plea. We see no error in the trial judge's action, even if it was allegedly done with "draconian rigidity." Furthermore, although the trial judge did not hold a hearing before denying appellant's motion, a review of the record shows that the trial judge did examine the record. In addition, the trial judge was very familiar with appellant's case, having ruled on his motions since at least August 2000. Appellant's first contention is therefore meritless.
 {¶ 10} Next, appellant contends that the trial court never informed him he was waiving his right to confront his accuser by pleading guilty. A review of the plea hearing shows that the trial court informed appellant that by pleading guilty, he was waiving his right to confront witnesses, and that appellant acknowledged he understood that concept. Appellant now attempts to distinguish between "accusers" and "witnesses."
 {¶ 11} Citing State v. Millhouse, Cuyahoga App. No. 79910, 2002-Ohio-2255, the Fourth Appellate District rejected an identical argument in State v. Dotson, Washington App. No. 03CA53, 2004-Ohio-2768: "a defendant is sufficiently notified of his right to confront his accusers when the trial court informs him of his right to cross-examine the State's witnesses pursuant to Crim.R. 11(C)(2)(c)." Id. at ¶ 10. See, also, State v.Moore, Erie App. No. E-03-006, 2004-Ohio-685; State v.Sparling, Marion App. No. 9-99-25, 1999-Ohio-879. In light of the plea hearing and the foregoing, we find that appellant was adequately informed he was waiving his right to confront his accusers by pleading guilty to the bill of information.
 {¶ 12} Finally, appellant contends that the trial court abused its discretion by denying his motion because of undue delay in filing it. Although Crim.R. 32.1 does not provide for a time limit after the imposition of sentence during which a motion to withdraw a guilty plea must be made, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, 49 Ohio St.2d at paragraph three of the syllabus. Considering that appellant filed his motion to withdraw his guilty plea seven years after entering his plea, the trial court did not abuse its discretion in considering the undue delay against appellant.
 {¶ 13} Unlike appellant, we cannot say that the trial court's denial of his motion to withdraw his guilty plea was "unreasonable and arbitrary, despotic, and unrestrained." Appellant has not demonstrated that a manifest injustice will result if his plea stands. Thus, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea. Appellant's first assignment of error is overruled.
 {¶ 14} In his second and third assignments of error, appellant essentially argues that the trial court did not have jurisdiction to accept his guilty plea because a complaint was never filed and his accuser did not initiate the prosecution.[2] Appellant contends that the filing of a complaint was a prerequisite to the trial court acquiring jurisdiction over the action. Appellant also contends that he was subject to a "sham legal proceeding" because there was no "lawful statutory accuser."
 {¶ 15} It is well-established that a criminal case may be properly instituted not only by a complaint, but also by an indictment or by information. See Crim.R. 3 and 7; State ex rel.Richardson v. Winston, Cuyahoga App. No. 80425, 2001-Ohio-4145.
 {¶ 16} Revised Code 2941.021 provides that "[a]ny criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment." Appellant was not charged with any crimes punishable by death or life imprisonment, and he signed a waiver of indictment in compliance with R.C. 2941.021.
 {¶ 17} A bill of information is sufficient if it indicates (1) that it is entitled in a court having authority to receive it; (2) that it was subscribed and presented to the court by the prosecuting attorney of the county in which the court was held; (3) the defendant's name; (4) that the offense was committed at some place within the jurisdiction of the court; and (5) that the offense was committed at some time prior to the time of filing of the information. R.C. 2941.03.
 {¶ 18} The bill of information filed by the state complies with R.C. 2941.03. Notably, R.C. 2941.03 does not require the state to attach an affidavit or complaint from the victim. Because the bill of information contains all of the requisite information and charges appellant with crimes committed in Butler County, the trial court clearly had jurisdiction in this case.Dotson, Washington App. No. 03CA53, 2004-Ohio-2768, ¶ 15. Appellant's second and third assignments of error are overruled.
Judgment affirmed.
Powell and Walsh, JJ., concur.
[1] Inexplicably, the state in its brief fails to address, even summarily, appellant's second and third assignments of error. Instead, the state refers to appellant's "sole" assignment of error. Notwithstanding the state's total failure to address appellant's second and third assignments of error, this does not mean, as appellant wishfully argues, that we can infer "that the State has by omission made a prima facie showing for [appellant] of [t]he lack of statutory jurisdiction of the trial court and statutory standing of the Prosecuting Attorney." Unlike the state, we will address appellant's second and third assignments of error.
[2] We note that we could easily dismiss appellant's lack of jurisdiction argument on the basis of res judicata. See State v.Parker, Cuyahoga App. No. 82687, 2004-Ohio-2976. The doctrine of res judicata bars a convicted defendant who was represented by counsel from raising and litigating, in any proceeding except on direct appeal from a final judgment, any defense or claimed lack of due process that was or could have been raised at trial or on direct appeal. See State v. Cole (1982), 2 Ohio St.3d 112. Appellant's lack of jurisdiction argument could and should have been raised on direct appeal but was not. Appellant nevertheless raised the argument in both his writ of error and motion for judgment but was unsuccessful. He did not appeal the trial court's denial of his writ of error and motion for judgment. However, because appellant is acting pro se and has been acting pro se since his conviction, we will address his lack of jurisdiction argument.