OPINION
{¶ 1} Defendant-appellant, Daniel Luther ("Luther"), appeals the December 3, 2003 judgment entry of the Ashtabula County Court denying his Crim.R. 32.1 motion to withdraw a guilty plea. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On December 18, 1987, Luther pled guilty to three counts of rape in violation of R.C. 2907.02(A)(2). The court sentenced Luther to a prison term of five to twenty-five years for each count to be served consecutively.
 {¶ 3} Luther raises the following assignments of error:
 {¶ 4} "[1.] The trial court abused its discretion by not reviewing the record to determine [whether] Luther's plea of guilty was in fact knowingly and intelligently given and entered into. In violation of theFourteenth amendment of the U.S. Constitution.
 {¶ 5} "[2.] The trial court was totally without statutorysubject-matter jurisdiction in the matter of State v. Luther as a matter of law. In violation of R.C. § 2931.02, O. Const. Art. § 4 (B) and theFourth and Fourteenth Amendments to the U.S. Constitution.
 {¶ 6} "[3.] The trial court was totally lack[ing] statutory jurisdiction of the accuser and the accused, therefore there is no binding agreement between Luther and the State of Ohio. As Luther was not served with personal service, (O.R.C. § 7.01). And his alleged accuser never initiated lawful prosecution in any court of law or of record. In violation of O.R.C. § 2935.09, O. Const. Art. IV § 20, and theFourteenth Amendment to the U.S. Constitution."
 {¶ 7} Ohio Criminal Rule 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The phrase "manifest injustice" has been "variously defined," however, "it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261, 264 (citations omitted); cf. State v. Laster, 2nd Dist. No. 19387, 2003-Ohio-1564, at ¶ 8 ("`manifest injustice' * * * comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her") (citation omitted); State v. Sneed, 8th Dist No. 80902, 2002-Ohio-6502, at ¶ 13 (a "clear or openly unjust act") (citation omitted); State v. Lintner, 7th Dist. No. 732, 2001-Ohio-3360, 2001 Ohio App. LEXIS 4267, at *7 ("an extraordinary and fundamental flaw in the plea proceeding") (citation omitted).
 {¶ 8} The burden of establishing the existence of manifest injustice is on the movant. Smith, 49 Ohio St.2d 261, paragraph one of the syllabus. "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
 {¶ 9} In Luther's first assignment of error, he argues that his guilty plea was not made knowingly, intelligently, and voluntarily. State v.Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179 ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."). Luther claims that, at the time he entered his plea, he was made aware of his right to confront witnesses but not of his right to confront his accusers. Cf. Crim.R. 11(C)(2)(c) (providing that the court "shall not accept a plea of guilty * * * without * * * [i]nforming the defendant * * * that by the plea the defendant is waiving the rights * * * to confront witnesses against him").
 {¶ 10} We reject the argument that one's right to confront their accusers is distinct from their right to confront the witnesses against them. Section 10, Article I of the Ohio Constitution guarantees the accused the right "to meet witnesses face to face"; the Sixth Amendment to the United States Constitution guarantees the accused the right "to be confronted with the witnesses against him." According to the constitutional jurisprudence interpreting these provisions, the right to confront witnesses encompasses the right to confront accusers. See, e.g., Henderson v. Maxwell (1964), 176 Ohio St. 187, 188 ("The purpose of the constitutional provision according an accused the right to confronthis accusers and the witnesses used against him is to provide the accused an opportunity for cross-examination.") (emphasis added). By informing Luther that, by entering his guilty plea, he was waiving his right to confront witnesses, the trial court adequately informed Luther that he was waiving his right to confront his accusers. State v. Azan, 12th Dist. No. CA2003-09-247, 2004-Ohio-3347, at ¶¶ 10-11; State v. Dotson, 4th Dist. No. 03CA53, 2004-Ohio-2768, at ¶¶ 9-10.
 {¶ 11} In Luther's third assignment of error, he argues that "there [was] no lawful statutory accuser." Therefore, as Luther argues in his second assignment of error, the trial court did not possess the authority or jurisdiction to accept his guilty plea. In support of these arguments, Luther points out that there is no complaint against him in the record as provided for in Crim.R. 3. These arguments reflect a misunderstanding of Ohio criminal process.
 {¶ 12} Section 20, Article IV of the Ohio Constitution provides that "all prosecutions shall be carried on, in the name, and by the authority, of the state of Ohio." Although a person may be arrested and temporarily kept in jail on the complaint of a private individual, all criminal prosecutions are brought by the State of Ohio through its various agencies. Thus, in a criminal prosecution, the State of Ohio is the real party in interest, not the complaining witness. State v.Williams, 76 Ohio St.3d 290, 295, 1996-Ohio-408; cf. R.C. 2931.03 ("[A] judge of a court of common pleas does not have the authority to dismiss a criminal complaint * * * or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case.").
 {¶ 13} Minor criminal prosecutions may be initiated by complaint as provided in Crim.R. 3. Felonies, such as rape, may only be initiated by indictment of the grand jury. Section 10, Article I, Ohio Constitution ("no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury"); Crim.R. 7(A) ("[a]ll * * * felonies shall be prosecuted by indictment"). It is wellestablished, then, that a criminal prosecution may be initiated by indictment as well as by complaint. State v. Saag, 12th Dist. No. CA2003-11-094, 2004-Ohio-3015, at ¶ 3; Azan, 2004-Ohio-3347, at ¶ 15;State ex rel. Richardson v. Winston (Nov. 15, 2001), 8th Dist. No. 80425, 2001 Ohio App. LEXIS 5083, at *2; State ex rel. Dozier v. Court ofCommon Pleas (June 3, 1999), 8th Dist. No. 76151, 1999 Ohio App. LEXIS 2544, at *1-*2. Therefore, the existence of a complaint by a complaining witness is irrelevant in regards to the trial court's subject matter jurisdiction in Luther's case. State ex rel. Miller v. Griffin (March 22, 2001), 8th Dist. No. 78948, 2001 Ohio App. LEXIS 1311, at *2; cf.State v. Green (1988), 48 Ohio App.3d 121 (where prosecution for a misdemeanor was initiated by defective complaint, conviction must be reversed).
 {¶ 14} The indictments against Luther adequately informed him of the charges against him and of the essential elements of rape as contained in R.C. 2907.02(A)(2). "Where the indictment adequately provides the defendant with notice of the charges against him, the trial court possesses and properly exercises subject matter jurisdiction." State exrel. Smith v. Yost (Aug. 8, 1997), 11th Dist. No. 97-A-0009, 1997 Ohio App. LEXIS 3577, at *2; Dowell v. Maxwell (1963), 174 Ohio St. 289, 290
("The jurisdiction of the court is invoked by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination.").
 {¶ 15} The answer to Luther's argument that there was no "lawful statutory accuser" is that the grand jury, which handed down the indictments against him, was Luther's statutory accuser. "The grand jury, in its inquest of crimes and offenses, and in its finding and presentation of indictments to the court of common pleas * * * acts as the formal and constitutional accuser of crime and those it believes to be probably guilty thereof." State ex rel. Doerfler v. Price (1920),101 Ohio St. 50, at paragraph one of the syllabus. The preference for the grand jury as the formal accuser in felony cases, as opposed to the complaint of the victim or arresting officer, is founded on the "the theory that [the grand jury] was one of the most substantial and serviceable guaranties against official tyranny, malicious prosecution, and ill-advised and expensive trials, which might generally be avoided if the formal accusation of crime were first made by one's peers, as represented by the grand jury." Id. at 54.
 {¶ 16} In denying Luther's motion to withdraw his guilty plea, the trial court found that Luther had set forth "no operative facts, which, if true, would constitute a manifest injustice." Having reviewed the process by which Luther was charged and the circumstances in which his plea was entered, the trial court acted within its discretion by denying Luther's motion.
 {¶ 17} Luther's assignments of error are without merit. The decision of the Ashtabula County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.