[Cite as *State v. Bittner*, 2012-Ohio-1541.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97133 and 97134**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER A. BITTNER

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548226

**BEFORE:** Sweeney, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEY FOR APPELLANT**

John P. Parker, Esq.
988 East 185th Street
Cleveland, Ohio 44119

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Alison Foy, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶1} Defendant-appellant Christopher Bittner ("defendant") appeals the court's accepting his guilty plea based on an alleged failure to strictly comply with Crim.R. 11(C). After reviewing the facts of the case and pertinent law, we affirm.

{¶2} On May 18, 2011, defendant pled guilty to domestic violence in Cuyahoga Common Pleas Court Case No. CR-548226. On July 12, 2011, the court sentenced defendant to 18 months in prison to run consecutively to another prison sentence imposed in Cuyahoga County Common Pleas Court Case No. CR-538504.

{¶3} Defendant filed appeals in both cases, which this court consolidated. However, defendant's assignment of error concerns only Case No. CR-548226. Therefore, defendant's appeal associated with Case No. CR-538504 is dismissed for failure to file a brief and assignments of error. *See* Loc.App.R. 16; *State v. Fox*, 154 Ohio St. 238, 95 N.E.2d 225 (1950).

{¶4} Defendant's sole assignment of error states as follows:

I. The appellant did not give a knowing and intelligent guilty plea when the trial court failed to strictly comply with Crim.R. 11(C) and Due Process was violated under the Fourteenth Amendment of the Federal Constitution.

{¶5} Specifically, defendant argues that the court "failed to obtain a waiver of the appellant's right to 'confront' the witnesses against him."

{¶6} The underlying purpose of Crim.R. 11(C) is for the court to give a defendant enough information to allow him or her to make an intelligent, voluntary, and knowing decision of whether to plead guilty. *See State v. Ballard*, 66 Ohio St.2d 473, 613 N.E.2d 591 (1981). Pursuant to Crim.R. 11(C)(2)(c), the court must personally inform the

defendant and determine that the defendant understands, among other things, "that by the plea the defendant is waiving the rights * * * to confront witnesses against him or her * * *." Trial courts must strictly comply with Crim.R. 11's requirements regarding waiver of constitutional rights. *State v. Scruggs*, 8th Dist. No. 83863, 2004-Ohio-3732.

{¶7} In the instant case, during the Crim.R. 11 plea hearing, the court asked defendant if he understood that by pleading guilty he was giving up his right "[t]o have your lawyer cross examine each and every witness that will be called by the State of Ohio."

{¶8} The United States Supreme Court explained that the Sixth Amendment's Confrontation Clause "guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.' The right of confrontation, which is secured for defendants in state as well as federal criminal proceedings, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), 'means more than being allowed to confront the witness physically.' *Davis v. Alaska*, 415 U.S., at 315, 94 S.Ct., at 1110. Indeed, '[t]he main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination*.' *Id*., at 315-316, 94 S.Ct., at 1110 * * *." *Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S.Ct. 1431, 89 L.Ed.2d 674 (emphasis in original).

{¶9} Ohio courts have applied this principle to hold that use of the term "cross-examination" adequately communicated an understanding of the right to confrontation and amounted to strict compliance with Crim.R. 11. *See State v. Madaris*, 456 Ohio App.3d 211, 214, 2004-Ohio-653, 808 N.E.2d 150 (1st Dist.) (concluding that

"the court's use of the phrases 'see the witnesses against you here in open court' and 'cross-examined' * * * effectively conveyed the meanings required by the Criminal Rule"); *State v. Moore*, 6th Dist. No. E-03-006, 2004-Ohio-685 (finding strict compliance with Crim.R. 11 based on the following language: "You understand that if you chose to go to trial, [the Prosecutor] here would have the right to call his witnesses; [your defense attorney] could cross-examine those witnesses on your behalf").

{¶10}    Upon review, we find that the court strictly complied with Crim.R. 11 requirements when it informed defendant of his right to cross-examine witnesses against him and asked if he understood that by pleading guilty he was waiving this right.

{¶11}    Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR