[Cite as *State ex rel. Kirklin v. Doherty*, 2018-Ohio-1979.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>DELMAR V. KIRKLIN, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2018-P-0008** |
| - vs - | : | |
| BECKY L. DOHERTY, JUDGE OF<br>THE COURT OF COMMON PLEAS, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment:  Petition dismissed.

*Delmar V. Kirklin*, pro se, PID: A201-478, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH  43302 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Respondent).


PER CURIAM.

{¶1}   Relator, Delmar V. Kirklin, seeks a writ of mandamus to compel respondent, Judge Becky L. Doherty, to present sufficient evidence showing that the Portage County Court of Common Pleas had jurisdiction to proceed against him in his 1988 criminal case.  Respondent moves to dismiss relator's petition for failure to state a claim upon which relief can be granted.  Dismissal is warranted.

{¶2}   In April 1989, appellant was indicted of and pleaded guilty to one count of

aggravated murder and three accompanying specifications, including a firearm specification, and one count of kidnapping. Then Judge George Martin sentenced relator to life with parole eligibility after twenty years on the aggravated murder count, three-years on the firearm specification, and 5 to 25 years on the kidnapping count, consecutive.

{¶3} In August 2017, after respondent became judge, appellant moved to arrest judgment pursuant to R.C. 2947.02 contending a lack of subject matter jurisdiction. He argued that his convictions are void because a complaint was not filed before the indictment was issued.

{¶4} On September 6, 2017, respondent denied appellant's motion to arrest finding "no cause" to vacate. Two weeks later, appellant moved to vacate that judgment, asserting the same argument previously advanced. This motion was summarily denied. Neither ruling was appealed.

{¶5} Appellant instituted this mandamus action in January 2018. His sole claim asserts the same argument he advanced in his 2017 motions. He requests a writ compelling respondent to "show cause" as to how the common pleas court had jurisdiction in the absence of a complaint.

{¶6} Although not expressly stated in his prayer for relief, appellant ultimately seeks a determination that his sentencing judgment is void and he is entitled to be released from prison. As a general proposition, habeas corpus is the appropriate proceeding for attacking a void criminal judgment or sentence. *In re Fisher*, 39 Ohio St.2d 71, 74, 313 N.E.2d 851 (1974). In contrast, the purpose of a mandamus action is to require a public official, including a judge, to recognize and enforce a party's clear

2

legal right:

{¶7} "A mandamus is a civil proceeding, extraordinary in nature since it can only be maintained when there is no other adequate to enforce clear legal rights. *State ex rel. Brammer v. Hayes* (1955), 164 Ohio St. 373. Mandamus is a writ issued to a public officer to perform an act that the law enjoins as a duty resulting from his or her office. R.C. 2731.01. For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law. *State ex rel. National Broadcasting Co., Inc. v. Cleveland* (1988), 38 Ohio St.3d 79, 80. A dereliction of duty must be established before the writ will be issued. *State ex rel. Spellmire v. Kauer* (1962), 173 Ohio St. 279, 280." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31.

{¶8} In his petition, relator cedes that, in moving to arrest the sentencing judgment, he raised the identical argument he now raises. He further cedes that respondent issued a timely decision denying his motion to arrest. To this extent, respondent has fulfilled her legal duty. Relator has failed to cite any authority that respondent has a legal duty to explain the basis of the 2017 rulings or why appeal of those rulings do not constitute an adequate remedy in the ordinary course of law precluding mandamus. Relator, therefore, fails to state a claim for a writ of mandamus.

{¶9} Finally, even if relator's jurisdictional argument were properly before this court, his sentence is not void. Relator was indicted on and convicted of two felony offenses, aggravated murder with specifications and kidnapping. An indictment in the absence of a complaint confers jurisdiction. *State v. Luther*, 11th Dist. Ashtabula No.

3

2003-A-0130, 2005-Ohio-950, ¶13.

{¶10} Construing the allegations in the complaint in a manner most favorable to relator, he can prove no set of facts warranting relief. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 673 N.E.2d 1281 (1997).

{¶11} Respondent's motion to dismiss is granted. Relator's petition is dismissed in its entirety.

THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.