DECISION AND JUDGMENT ENTRY
{¶ 1} Timothy D. Dotson appeals the Washington County Court of Common Pleas' denial of his motion to withdraw his guilty plea. Dotson argues that the court should have permitted him to withdraw his plea because he was not afforded the opportunity to confront his accuser at a preliminary hearing and because the court failed to inform him that he was waiving his right to confront his accuser by pleading guilty. Dotson also contends that the trial court abused its discretion by denying his motion without first considering the record. Finally, he argues that the court did not have jurisdiction to accept his guilty plea because he was never personally served with the charges and his accuser did not initiate the prosecution.
 {¶ 2} We conclude that the court did not abuse its discretion by denying Dotson's motion to withdraw his guilty plea because: (1) Dotson was not entitled to a preliminary hearing since he waived his right to indictment and allowed the State to prosecute him by bill of information; (2) the court adequately informed Dotson that he was waiving his right to confront his accusers when it explained to him that he was waiving his right to cross-examine witnesses; (3) the court's entry reveals that it did examine the record before denying Dotson's motion to withdraw his guilty plea; and (4) the court had jurisdiction over this matter since the crimes occurred in Washington County and the State was not required to attach a complaint or affidavit from the victim in order to proceed by the bill of information. The judgment of the trial court is affirmed.
 {¶ 3} In December 1989, the State filed a bill of information charging Dotson with two counts of rape (an aggravated felony of the first degree), two counts of sexual imposition (a misdemeanor of the third degree), and one count of gross sexual imposition (a felony of the fourth degree). Dotson waived his right to prosecution by indictment, both in writing and in open court, and pled guilty to all counts charged in the bill of information. In exchange for his guilty plea, the State dismissed another case against Dotson and took no action against Dotson with respect to a third victim. The State also agreed to recommend concurrent sentencing. The court later sentenced Dotson to an aggregate term of ten to twenty-five years incarceration.
 {¶ 4} Over the past fourteen years, Dotson has filed several motions and petitions with the trial court seeking his release or a modification of his sentence for various reasons. Most recently, Dotson filed a motion to withdraw his guilty plea. The trial court denied this motion and Dotson filed a timely appeal, assigning the following errors: "I. The trial court abused it's [sic] discretion by not reviewing the trial record to determine if Dotson's plea of guilty was in fact knowingly, voluntarily, and intelligently given and entered into in violation of theFourteenth Amendment of the U.S. Constitution. II. The trial court was totally without statutory subject-matter jurisdiction in the matter of State v. Dotson, as a matter of law in violation of R.C. 2931.02 and 2931.03, O. Const. Arctic. 4 § (B) and the Equal Protection Clause of the Fourth andFourteenth Amendment of the U.S. Constitution. III. The trial court totally lacked statutory jurisdiction of the accuser and the accused, therefore there is no binding agreement between Dotson and the State of Ohio, as Dotson was not served with personal service, (R.C. § 7.01), and his alleged accuser never initiated lawful prosecution in any court of law in violation of R.C. 309.08,2935.09, O. Const. Art. IV § 20 and the Fourth andFourteenth Amendments of the U.S. Constitution."
 {¶ 5} Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. The Ohio Supreme Court has defined manifest injustice as a clear or openly unjust act. State ex rel.Schneider v. Kreiner, 83 Ohio St.3d 203, 208, 1998-Ohio-271,699 N.E.2d 83. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith (1977),49 Ohio St.2d 261, 264, 361 N.E.2d 1324. Thus, a trial court will not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea stands. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. Smith,49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. An appellate court, therefore, will not reverse the trial court's decision absent an abuse of discretion.Xie, supra. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, unconscionable, or arbitrary.State v. Clark, 71 Ohio St.3d 466, 470, 1994-Ohio-43,644 N.E.2d 331.
 {¶ 6} Generally, when a defendant files a Crim.R. 32.1 motion to withdraw a guilty plea, trial courts will conduct an evidentiary hearing; however, trial courts are not always required to do so. State v. Moore, Pike App. No. 01CA674, 2002-Ohio-5748, at ¶ 17. Trial courts need only conduct an evidentiary hearing where the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand Id. Moreover, an evidentiary hearing is not required if the defendant's allegations are "conclusively and irrefutably contradicted by the record." Id. at ¶ 18.
 {¶ 7} Dotson makes several arguments in support of his first assignment of error. First, Dotson contends that he should have been allowed to confront his accuser at a preliminary hearing. This argument is baseless.
 {¶ 8} The purpose of a preliminary hearing is to determine whether sufficient evidence, i.e. probable cause, exists to warrant the court in binding the defendant over to the grand jury. State v. Kinney (Oct. 3, 1996), Ross App. No. 96CA2176, citing State v. Hayslip (May 6, 1991), Clinton App. No. CA90-05-012. Under Crim.R. 7, a defendant can waive his right to prosecution through an indictment and be charged through a bill of information. Dotson chose to waive his right to an indictment and the State filed a bill of information. Therefore, there was no need for a preliminary hearing. See State v. Girt, Stark App. No. 2002-CA-00174, 2002-Ohio-6407 (once defendant waives his right to prosecution through indictment, there is no need for a preliminary hearing).
 {¶ 9} Next, Dotson argues that the court never informed him that he was waiving his right to confront his accuser by pleading guilty. Although Dotson acknowledges that the trial court complied with Crim.R. 11 by informing him that he was waiving his right to confront witnesses, Dotson attempts to distinguish between "accusers" and "witnesses."
 {¶ 10} In State v. Millhouse, Cuyahoga App. No. 79910, 2002-Ohio-2255, the Eighth District Court of Appeals rejected a similar argument. The Eighth District found that a defendant is sufficiently notified of his right to confront his accusers when the trial court informs him of his right to cross-examine the State's witnesses pursuant to Crim.R. 11(C)(2)(c). See, also,State v. Moore, Erie App. No. E-03-006, 2004-Ohio-685. Since Dotson does not dispute that the trial court complied with Crim.R. 11 at his plea hearing, we conclude that Dotson was adequately informed that he was waiving his right to confront his accusers by pleading guilty to the bill of information.
 {¶ 11} Finally, Dotson contends that the trial court's denial of his motion to withdraw his guilty plea was an unconscionable act because the trial court did not first consult the record. Although the trial court did not hold a hearing before denying Dotson's motion, a review of the court's entry reveals that the court did examine the record. In explaining its decision, the trial court refers to the history of the case and to the journal entry memorializing Dotson's plea of guilty to the bill of information. Although a transcript of the plea hearing is not contained in the record, Dotson's arguments are conclusively and irrefutably contradicted by the record as its exists. Therefore, it was not necessary for the trial court to review the transcript of the plea hearing or to conduct a hearing on Dotson's motion. We overrule Dotson's first assignment of error.
 {¶ 12} In his second and third assignments of error, Dotson argues that the court lacked jurisdiction to accept his plea because his accuser never filed an affidavit or a complaint against him. He contends that he was subject to a "sham proceeding" because there was no "lawful real plaintiff" in this matter. Dotson also argues that the court did not have personal jurisdiction over him because the State never effected personal service on him.
 {¶ 13} R.C. 2941.021 provides that: "Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment." Dotson was not charged with any crimes punishable by death or life imprisonment, and he signed a waiver of indictment in compliance with R.C. 2941.021.
 {¶ 14} R.C. 2941.03 delineates the facts which must be included in an indictment or bill of information. A bill of information is sufficient if it indicates: (1) that it is entitled in a court having authority to receive it; (2) that it was subscribed and presented to the court by the prosecuting attorney of the county in which the court was held; (3) the defendant's name; (4) that the offense was committed at some place within the jurisdiction of the court; and (5) that the offense was committed at some time prior to the time of the filing of the information.
 {¶ 15} The bill of information filed by the State complies with R.C. 2941.03. Notably, R.C. 2941.03 does not require the state to attach an affidavit or a complaint from the victim. Since the bill of information contains all of the requisite information and charges Dotson with crimes committed in Washington County, the Washington County Court of Common Pleas clearly had jurisdiction in this case.
 {¶ 16} Furthermore, Dotson's claim that he was not served with a copy of the bill of information is refuted by the record. The court's journal entry states: "* * * the Court advised the defendant that he was entitled to have the Bill of Information at least 24 hours prior to being called upon to plead to said Bill of Information and the defendant advised the Court that he received the information this day shortly before the commencement of these proceedings. Whereupon, [defense counsel] conferred privately with the defendant, and the defendant advised the Court that he is willing to and does waive any time requirement regarding service of the Information on him before being called upon to plead to said Bill of Information. * * *"
 {¶ 17} Because the trial court had jurisdiction over this matter and Dotson received a copy of the bill of information prior to entering his plea of guilty, we overrule Dotson's second and third assignments of error.
 {¶ 18} Having found no merit in any of Dotson's assigned errors, we affirm the judgment of the trial court. Dotson has not demonstrated that a manifest injustice will result if his plea stands. Thus, the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, It is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Evans, J.: Not Participating.