[Cite as *State v. Darget*, 2013-Ohio-603.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3487 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| RONTEZ L. DARGET, | : | |
| | : | **RELEASED 02/06/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Teresa Villarreal, Canal Winchester, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Pat Apel, Scioto County First Assistant Prosecuting Attorney, and Matthew A. Wisecup, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

_____

Harsha, J.

{¶1}    Rontez Darget pleaded guilty to tampering with evidence and trafficking in drugs and now appeals the trial court's denial of his motion to withdraw his plea. First, he claims his plea was not voluntary, i.e. that he did not understand that he must serve five years of his sentence before becoming eligible for judicial release, and that the trial court failed to fully advise him of the rights he would be waiving by pleading guilty. However, because Darget did not make these arguments in his motion with the trial court, he has forfeited them for purposes of appeal.

{¶2}    Darget also claims that the trial court erred by denying his motion for judicial release. The record shows that Darget never made such a motion and therefore the matter is not properly before us.

{¶3}   Finally, Darget argues that he was denied the effective assistance of counsel during his change of plea hearing, that the trial court erred in denying his motion for post-conviction relief and that the trial court erred by denying him relief under Ohio House Bill 86.  However, again Darget did not raise these issues in his motion with the trial court and therefore has waived these claims on appeal.

## I. FACTS

{¶4}   This case arises from a traffic stop involving Darget and two other individuals.  After observing a minor traffic infraction, a state trooper stopped a vehicle in which Darget was a passenger.  As the trooper approached the vehicle, he saw Darget making furtive movements and in response asked Darget to get out of the automobile, subjecting him to an unfruitful frisk for weapons.  A search of the vehicle produced a small amount of marijuana, a schedule IV narcotic in the driver's purse and a bag of marijuana in the other passenger's pants.  Subsequently, the driver confessed that she was concealing drugs and the officers found 80 Oxycodone pills in her undergarments.  As a result of this stop, Darget was charged with two counts of trafficking in drugs, possession of drugs, conspiracy to traffic drugs and tampering with evidence.

{¶5}   Darget filed an unsuccessful motion to suppress all evidence recovered as a result of the traffic stop.  Darget then entered into plea negotiations with the state.  As a result he agreed to plead guilty to one count of trafficking in drugs and one count of tampering with evidence and in exchange the state agreed to dismiss the remaining charges.  The court accepted his guilty plea and sentenced Darget to five years imprisonment for his trafficking in drugs conviction and four years imprisonment for his

tampering with evidence conviction, to run consecutively for an aggregate term of nine years.

{¶6}   Subsequently, Darget filed what the trial court construed as a motion to withdraw his guilty plea under Crim.R. 32.1.  The court overruled his motion, finding that he did not demonstrate a manifest injustice and this appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶7}   Darget raises five assignments of error for our review:

{¶8}   1. "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RONTEZ DARGET'S MOTION TO WITHDRAW HIS GUILTY PLEA PURSUANT TO OHIO CRIM. PROC. R. 32.1."

{¶9}   2. "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RONTEZ DARGET'S MOTION FOR JUDICIAL RELEASE."

{¶10}   3. "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RONTEZ DARGET'S MOTION FOR RELIEF FROM JUDGMENT ON THE GROUNDS OF INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶11}   4. "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RONTEZ DARGET'S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO OHIO R.C. 2953.21, ET SEQ."

{¶12}   5. "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RONTEZ DARGET RELIEF UNDER OHIO HOUSE BILL 86."

## III. PROCEDURAL HISTORY

{¶13}   Before addressing Darget's assignments of error we review the procedural history of the case because it affects the outcome of Darget's appeal.  On August 10, 2009, Darget filed a pro se motion to withdraw his guilty plea.  Although the record shows there was a hearing on the motion, the court never filed an entry journalizing its decision.  On November 10, 2009, Darget then filed a pro se motion asking the court to journalize its decision on his August 10, 2009 motion, along with what we construe as a

renewed motion to withdraw his guilty plea.  Once again, the record does not contain an entry journalizing the court's decision on these motions.

{¶14}  Then on November 22, 2011, through counsel Darget filed a "Post-hearing Supplemental Memorandum in Support of his Motion to Withdraw Guilty Plea Pursuant to Ohio Crim. Proc. R. 32.1, or in the Alternative, for Post-Conviction Relief Pursuant to Ohio R.C. 2953.21 and the Ohio and the United States Constitutions or, in the Alternative, for Relief Pursuant to Ohio House Bill 86."  This supplemental memorandum is identical to Darget's appellate brief and in it he makes the same arguments he presents on appeal.  However, as we will explain later, a decision on that motion is not before us here.

{¶15}  On January 23, 2012, Darget's counsel filed a "Motion for Leave to File a Delayed Motion to Withdraw Guilty Plea Pursuant to Ohio Crim. R. 32.1, and for Non-Oral Hearing or in the Alternative for Judicial Determination."  The face of the motion states:

> Rontez L. Darget moves the Court pursuant to Ohio Crim. R. 32.1 for leave to file a delayed motion to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1 on the grounds of manifest injustice.  The motion arises from Darget's discovery of the conflict of interests of his trial counsel, Michael Mearan.  Darget's constitutional rights were violated when his trial counsel acted under a serious conflict of interest prior to and during Darget's case, and Darget was "unavoidably prevented from discovering the evidence" upon which he relies until well after one hundred twenty days has elapsed. Ohio Crim. R. 33(B).
>
> Darget's Memorandum in Support is submitted herewith.
>
> FURTHER, Defendant moves the Court to hear this matter on Non-Oral Hearing or in the alternative, on Judicial Determination before the Court.

{¶16}  However, there was no memorandum in support attached to the motion filed with the court. The state filed a "Memorandum Contra Motion to Withdraw Plea" on

February 29, 2012, and argued that Darget did not show a manifest injustice and accordingly, he should not be permitted to withdraw his guilty plea.

{¶17}  Subsequently, on March 29, 2012, the court filed an entry denying Darget's "request for leave to file his motion to withdraw his guilty plea," because Darget had the burden to show a manifest injustice and he failed to do so.  It is from this entry that Darget now appeals.

{¶18}  The motions filed by Darget in this case are confusing for several reasons. Initially, he filed a pro se motion to withdraw his guilty plea.  Over two years later he filed a supplemental memorandum in support of his motion to withdraw his guilty plea through counsel.  Then without a response from the court on either filing, Darget filed a motion for leave to file a delayed motion to withdraw his guilty plea.  However, he had already filed a motion to withdraw his guilty plea.  Although Darget may have cleared up some of this confusion in his memorandum in support of his motion, that memorandum is not contained in the record.

{¶19}  Even more confusing, in his motion for leave to file a delayed motion to withdraw his guilty plea he claims that he discovered new evidence and cites Crim.R. 33(B), which deals with motions for a new trial.  Under Crim.R. 33(B), a defendant has 120 days after the verdict was rendered to file an application for a new trial based on newly discovered evidence.  Conversely, Crim.R. 32.1 deals with motions to withdraw a plea of guilty or no contest and Darget also cites this rule in the caption of his motion. Although, timeliness "'is a factor adversely affecting the credibility of the movant and militating against the granting of the motion,'" the rule itself does not impose a time limit for filing a motion to withdraw a guilty plea after the trial court has sentenced the

defendant.  *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14,

quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of

the syllabus.  Thus, it is unclear why Darget filed a motion requesting leave to file a

"delayed" motion to withdraw his guilty plea, after he already filed such a motion and

there is no time limit imposed under Crim.R. 32.1.

{¶20}  With this plethora of pending motions, it is difficult to determine which

one(s) the court finally decided.  However, looking at the March 29, 2012 judgment

entry from which Darget appeals, the court stated that "[t]his matter comes before the

Court upon Defendant Rontez L. Darget's Motion for Leave to File a Delayed Motion to

Withdraw Guilty Plea Pursuant to Ohio Criminal Rule 32.1, and State's Memorandum

Contra filed February 29, 2012."   Thus, it is clear that the court was ruling on Darget's

January 23, 2012 motion.  A review of the court's judgment entry shows that it applied

Crim.R. 32.1 and concluded that Darget had not shown a manifest injustice.  In doing

so, the court treated the filing as a simple motion to withdraw his guilty plea and denied

it on the merits.

## IV. LAW AND ANALYSIS

{¶21}  Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest

may be made only before sentence is imposed; but to correct manifest injustice the

court after sentence may set aside the judgment of conviction and permit the defendant

to withdraw his or her plea."  A defendant seeking to withdraw a guilty plea after

sentencing has the burden to establish that a manifest injustice will occur if the plea

stands.  *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph one of the

syllabus.  A manifest injustice is "a clear or openly unjust act."  *State v. Dotson*, 4th Dist.

No. 03CA53, 2004-Ohio-2768, ¶ 5, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio

St.3d 203, 208, 699 N.E.2d 83 (1998). This is an extremely high standard that permits

a defendant to withdraw his guilty plea only in extraordinary cases. *State v. Whitaker*,

4th Dist. No. 10CA3349, 2011-Ohio-6923, ¶ 8.

**{¶22}** "[T]he decision to grant or deny a Crim.R. 32.1 motion is committed to the

sound discretion of the trial court * * *. Appellate review of the denial of a post-sentence

motion to withdraw a guilty plea is therefore limited to a determination of whether the

trial court abused its discretion. The term 'abuse of discretion' connotes an attitude on

the part of the court that is unreasonable, unconscionable, or arbitrary." *Id.* at ¶ 9.

**{¶23}** Now turning to the merits of Darget's appeal, he claims that the trial court

erred by denying his motion to withdraw his guilty plea for several reasons, including: 1)

he did not understand that he would not be eligible for judicial release until he served

five years of his sentence; 2) the trial court failed to inform him of all the constitutional

and nonconstitutional rights he was waiving by pleading guilty; and 3) that the court

should have merged his convictions because they are allied offenses of similar import

committed with the same animus. However, he did not raise any of these issues in the

January 23, 2012 motion that is the subject of this appeal. And because Darget failed

to raise these issues in the trial court, he has forfeited them for purposes of appeal.

*Portsmouth Ins. Agency v. Med. Mut. of Ohio*, 4th Dist. No. 10CA3405, 2012-Ohio-

2046, ¶ 87.

**{¶24}** The only argument made by Darget in his Crim.R. 32.1 motion was that

his trial counsel "acted under a serious conflict of interest prior to and during [his] case."

We have held that a claim of ineffective assistance of counsel is improperly brought

under Crim.R. 32.1 when it relies on matters outside the record. *State v. Ables*, 4th Dist. No. 11CA22, 2012-Ohio-3377, ¶ 11. This includes claims of ineffective assistance of counsel based on a conflict of interest. *Id.* at ¶ 12. Rather, such claims should be raised in a petition for post-conviction relief. *Id.* Accordingly, the trial court did not abuse its discretion by denying Darget's motion and we overrule his first assignment of error.

{¶25} In Darget's second assignment of error, he argues that the trial court erred in denying his motion for judicial release. However, we can find no record of Darget making such a motion. Therefore, this matter is not before us and we overrule his second assignment of error.

{¶26} In his remaining assignments of error Darget claims that he was denied the effective assistance of counsel during his change of plea hearing, that the trial court erred in denying his motion for post-conviction relief and that the trial court erred by denying him relief under Ohio House Bill 86. However, Darget did not raise these issues in his January 23, 2012 motion and therefore he has forfeited these claims on appeal. Although Darget did present these same arguments in his November 22, 2011 motion, as we have already discussed, the trial court never ruled on that motion. Therefore, that motion is technically still pending. Darget's remedy for the trial court's delay in issuing a ruling on that motion is to seek a writ of procedendo. A petition for "'[the] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 20, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999).

Because this appeal deals only with issues decided under the January 23, 2012 motion, issues raised in the November 22, 2011 motion are not properly before us. Accordingly, we overrule his third, fourth and fifth assignments of error.

{¶27} In summary, we overrule Darget's five assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., concurring.

{¶28}  I concur in judgment and opinion.  I write separately to note that, ordinarily, "the denial of a motion for judicial release is not a final appealable order." *State v. Christner*, 5th Dist. No. 2012 CA 00135, 2012-Ohio-4790, ¶ 11; *see also State v. Francis*, 4th Dist. No. 10CA2, 2011-Ohio-4497, ¶ 13-14 (finding an exception to the general rule).

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J.:  Concurs in Judgment and Opinion.
Kline, J.:  Concurs in Judgment and Opinion with Opinion.

For the Court

BY: _____
     William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**