[Cite as *State v. Morrison*, 2013-Ohio-5684.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA959 |
| v. | : | |
| | : | DECISION AND |
| WILLARD MORRISON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Released: 12/19/2013 |

APPEARANCES:

Kimberly Rigby and Elizabeth Arrick, Columbus, Ohio for Appellant.

C. David Kelly, Adams County Prosecuting Attorney, and Kris D. Blanton, Assistant Prosecuting Attorney, West Union, Ohio, for Appellee.

Hoover, J.

{¶ 1}  This is an appeal of a judgment from the Adams County Court of Common Pleas, which denied appellant's motion to withdraw his plea of no contest.  On October 1, 2007, Willard Morrison, appellant-herein, pleaded no contest to two counts of Attempted Murder, first degree felonies, in violation of R.C. 2923.02, including a Firearm Specification as to count one. The trial court sentenced appellant to a total of twenty-five (25) years in prison.  This Court affirmed appellant's convictions and sentence on September 15, 2008 in *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913.

{¶ 2}  On March 11, 2013, appellant filed a motion to withdraw his no contest plea.  The trial court denied the motion because appellant failed to meet the burden of showing manifest injustice pursuant to Crim.R. 32.1, as it applies to post sentence motions to withdraw.  Appellant sets forth one assignment of error for review:

First Assignment of Error:

> THE TRIAL COURT ERRED WHEN IT DENIED MORRISON'S MOTION TO
>
> WITHDRAW HIS PLEA OF NO CONTEST BECAUSE HE RECEIVED
>
> INEFFECTIVE ASSISTANCE OF COUNSEL AND THUS HIS PLEAS WERE
>
> NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED
>
> UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE
>
> UNITED STATES CONSTITUTION, SECTION 16 ARTICLE I OF THE OHIO
>
> CONSTITUTIONS, AND CRIM. R. 32.1

For the following reasons, appellant's appeal is barred by the doctrine of res judicata. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.

## I. Facts And Procedural History

{¶ 3}  The facts are the same as we detailed in appellant's direct appeal, *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, ¶ 2-6 (hereinafter "*Morrison  I*") :

> On September 5, 2005, Sergeant Rex Branham of the Adams County
>
> Sheriff's Department, while in uniform and on duty, stopped a vehicle driven by
>
> Morrison at the intersection of State Routes 125 and 348. Morrison exited his
>
> vehicle and fired gunshots in the direction of Sergeant Branham with an SKS
>
> assault rifle. The shots did not strike Sergeant Branham, but they struck his
>
> marked police cruiser. After firing the shots, Morrison returned to his vehicle and
>
> fled the scene.
>
> Sergeant Branham pursued Morrison in his police cruiser until Branham's
>
> cruiser became inoperable close to Compton Hill Road. Morrison then made a

sudden u-turn at the intersection of Compton Hill Road, drove back toward

Sergeant Branham's disabled police cruiser at a high rate of speed and rammed the

police cruiser head-on. As a result, Sergeant Branham and Morrison both suffered

severe injuries.

A grand jury indicted Morrison on two counts of attempted murder, first

degree felonies in violation of R.C. 2903.02 and R.C. 2923.02. The first count

included a gun specification. Morrison entered not guilty pleas.

After Morrison underwent competency evaluations, the court deemed

Morrison competent to stand trial. Morrison then withdrew his not guilty pleas

and entered pleas of no contest to both counts of attempted murder and the gun

specification. The court accepted his pleas and found Morrison guilty as charged.

The court sentenced Morrison to ten years in prison on the [sic] count one

attempted murder plus an additional seven years on the gun specification. The

court sentenced Morrison to eight years in prison on the count two attempted

murder. The court ordered that all three terms of prison run consecutive to each

other, for a total prison sentence of twenty-five years.

On direct appeal in *Morrison I*, appellant set out the following assignments of error:

(1) THE TRIAL COURT ERRED WHEN IT SENTENCED MR. MORRISON

BASED ON A NO CONTEST PLEA THAT WAS NO KNOWING,

INTELLIGENT, AND VOLUNTARY UNDER THE FIFTH AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES

CONSTITUTION, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION,

AND CRIM.R. 11;

(2) WHERE THE TRIAL COURT DOES NOT MERGE FOR PURPOSES OF SENTENCING DUPLICATIVE CRIMINAL COUNTS, THE CONSECUTIVE SENTENCES THAT RESULT ARE VOID. FURTHERMORE, THE SENTENCE MUST BE VACATED BECAUSE IT VIOLATES DOUBLE JEOPARDY PROTECTIONS AND DUE PROCESS OF LAW;

(3) MR. MORRISON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL: 1) FAILED TO PURSUE WHETHER HIS CLIENT WAS CAPABLE OF UNDERSTANDING HIS PLEA OF "NO CONTEST" BEFORE ENTERING IT; AND 2) FAILED TO PROVIDE THE TRIAL COURT WITH ANY LEGAL POSITION ON MERGER OF THE SENTENCES FOR THE TWO COUNTS OF ATTEMPTED MERGER, DESPITE HIS ASSURANCE TO THE COURT THAT HE WOULD PROVIDE THAT ARGUMENT FOR THE TRIAL COURT'S ASSISTANCE BEFORE IT SENTENCED MR. MORRISON. COUNSEL'S FAILURES DEPRIVED MR. MORRISON OF HIS RIGHTS TO COUNSEL AND DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS; and (4) APPLICATION OF THE FEBRUARY 27, 2006 *FOSTER* RULING TO EVENTS OCCURRING ON SEPTEMBER 5, 2005 IS AN UNCONSTITUTIONAL APPLICATION OF RETROACTIVITY IN SENTENCING.

As previously mentioned, on September 15, 2008, we overruled appellant's assignments of error and affirmed his convictions.

{¶ 4}  On March 24, 2010, appellant, pro se, filed a Motion to Withdraw No Contest Plea alleging he was misled into a plea of no contest upon the erroneous advice of counsel.  On March 31, 2010, appellant, pro se, filed a Motion to Void Judgment asserting various legal arguments. On April 7, 2010, appellant filed two pro se motions, a Motion Requesting Duration of Sentencing and a Motion Requesting Juvenile Record.

{¶ 5}  On July 16, 2010 the trial court addressed each motion separately, denying three and finding one moot.  On September 17, 2012, appellant, represented by counsel, filed a Motion to Withdraw Plea of No Contest.  Appellant attached three new affidavits to this motion.  The first affidavit, marked as Exhibit 1, is the sworn statement of appellant's trial counsel, Eric Wrage.  In the affidavit, Mr. Wrage states that he "really thought that the Judge was going to sentence Morrison to 10 years, or something similar.  *** I know Willard believed the same, as we had discussed the possible sentences, and I advised Willard of my ultimate opinion."  Mr. Wrage also stated that he thought the two counts of attempted murder would merge.

{¶ 6}  The second affidavit, marked Exhibit 2, is a written statement from Willard Morrison.  The third affidavit, marked Exhibit 3, is a written statement from April Lee Brooks, appellant's daughter.

{¶ 7}  On March 11, 2013, the trial court denied appellant's Motion to Withdraw Plea of No Contest.  Appellant filed this timely appeal on April 10, 2013.

## II. Assignment Of Error

{¶ 8}  In his sole assignment of error, appellant argues that the trial court erred when it denied his Motion to Withdraw Plea of No Contest.  Appellant states that he received ineffective assistance of counsel; and thus, his pleas were not knowingly, intelligently, and voluntarily entered under the Sixth and Fourteenth Amendments to the United States Constitution, Article I,

Section 16 of the Ohio Constitution, and Crim.R. 32.1.  Appellee, the State of Ohio, contends

that appellant's arguments have already been heard by this Court and have been overruled.

### A. Legal Standard

{¶ 9}  Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a

guilty or no contest plea only to correct a manifest injustice.  *State v. Dotson,* 4th Dist.

Washington No. 03CA53, 2004-Ohio-2768, ¶ 5.  The Supreme Court of Ohio has defined

"manifest injustice" as a clear or openly unjust act.  *Id.* citing *State ex rel. Schneider v. Kreiner,*

83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).  This standard permits a defendant to withdraw

his plea only in extraordinary cases.  *Dotson,* supra; *State v. Smith,* 49 Ohio St.2d 261, 264, 361

N.E.2d 1324 (1977).

{¶ 10}  The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound

discretion of the trial court.  *State v. Zinn*, 4th Dist. Jackson No. 04CA1, 2005-Ohio-525, ¶ 14

citing *Smith* at paragraph two of the syllabus.  We will not reverse a trial court's decision absent

an abuse of discretion.  *Id.* citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).  An

abuse of discretion is more than an error of judgment; it connotes an attitude on the part of the

court that is unreasonable, unconscionable, or arbitrary.  *Id.* citing *State v. Clark*, 71 Ohio St.3d

466, 470, 644 N.E.2d 331(1994).

{¶ 11}  A threshold issue in this appeal is whether appellant's arguments are barred by

the doctrine of res judicata.  "Under the doctrine of res judicata, a final judgment of conviction

bars a convicted defendant who was represented by counsel from raising and litigating in any

proceeding except an appeal from that judgment, any defense or any claimed lack of due process

that was raised or could have been raised by the defendant at the trial, which resulted in that

judgment of conviction, or on an appeal from that judgment." *State v. Smith,* 4th Dist. Ross No.

09CA3128, 2011-Ohio-664, ¶ 10 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, (1967) paragraph 9 of the syllabus.  Additionally, res judicata applies to proceedings involving postconviction relief.  *Id.* citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). However, the application of res judicata in postconviction proceedings is not absolute.

{¶ 12}  "The doctrine of res judicata may be overcome in a postconviction proceeding if the petitioner presents competent, relevant, and material evidence outside the record." *Smith* at ¶ 11. *See also*, *State v. Smith*, 17 Ohio St.3d 98, 101, 477 N.E.2d 1128 (1985), fn.1.  "However, the evidence presented outside the record must meet some threshold standard of cogency; otherwise, it would be too easy to defeat the res judicata doctrine by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *Id.*  (Citations omitted).  "Moreover, claims that could have been raised based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record." *Id.* citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982) at the syllabus, and *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205 (1994).

## B. Analysis

{¶ 13}  On direct appeal in *Morrison I*, appellant argued that (1) his pleas of no contest were not made knowingly, intelligently, and voluntarily, (2) the trial court failed to merge his two attempted murder offense into one conviction, and (3) he received ineffective assistance of counsel.  This Court overruled these arguments and affirmed his convictions.

{¶ 14}  In the case *sub judice*, appellant alleges that his trial counsel was ineffective in two ways: (1) counsel advised him that he was facing a maximum of 17 years in prison and (2) counsel failed to request merger on the two counts of attempted murder.  Appellant then argues

under the second prong of *Strickland* that he was prejudiced by counsel's ineffectiveness. Specifically, appellant claims that his counsel's bad advice resulted in his plea being less than knowingly, intelligently, and voluntarily entered.

{¶ 15} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998).

{¶ 16} The problem here is that appellant's arguments may be barred by the application of res judicata. In *Morrison I*, the issue of a voluntary plea was argued by appellant and addressed by this Court. We stated:

> *** Morrison did not initially understand for certain (1) the nature of the mandatory sentence with regard to the gun specification, and (2) the concept of merger. However, after further explanation by the court, Morrison clearly and unequivocally responded that he understood the information explained to him by the court. As such, we find that, under the totality of the circumstances, Morrison subjectively understood the implications of his no contest pleas and the rights he was waiving. Consequently, we find that Morrison knowingly, intelligently, and voluntarily entered his pleas.
>
> *Id.* at ¶ 14.

Therefore, we cannot now address whether appellant entered a voluntary plea, as we have already concluded that he did.

{¶ 17} Furthermore, appellant also seeks to reargue the issue pertaining to merger of the two counts of attempted murder. In *Morrison I*, in his second assignment of error, appellant argued that the trial court erred when it failed to merge the counts. Also, appellant argued in his third assignment of error that his counsel failed to provide the trial court with a legal position for the merger of the two counts. We specifically addressed and concluded that the trial court did not err when it did not merge the two counts of attempted murder. We stated:

> Morrison's separate acts did not occur in rapid succession. In addition, Morrison
>
> used a gun to commit the first attempted murder and used his vehicle to commit
>
> the second attempted murder. As such, we find that these offenses were
>
> committed separately. Consequently, we find that the court did not err when it
>
> failed to merge the two counts of attempted murder into one conviction.
>
> *Id*. at ¶ 27.

As a result, under the *Strickland* two prong test, even if counsel was deficient in not filing a motion on merger, appellant cannot argue prejudice when we previously affirmed the trial court's judgment to keep the counts separate. Therefore, we find the two claims alleged to demonstrate ineffective assistance of counsel, involuntary plea and merger, are barred by the doctrine of res judicata.

{¶ 18} As set out in our legal standard, the doctrine of res judicata can be overcome if new evidence outside of the record meets "some threshold standard of cogency." The three affidavits, attached to appellant's Motion to Withdraw Plea of No Contest, demonstrate an argument for ineffective assistance of counsel. Mr. Wrage's affidavit confirms that he believed the counts of attempted murder would merge; and appellant would receive a ten-year sentence. According to appellant's affidavit he believed he could receive no more than seventeen years in

prison. Appellant's daughter, April Brooks, also states that she believed the sentence would be ten to fifteen years. She also states that she believes Mr. Wrage was distracted during her father's case due to personal issues.

{¶ 19} The affidavits certainly set forth an argument that Mr. Wrage was deficient in his representation of appellant. However, this new evidence only supports an issue that was already available and argued on direct appeal. In *Morrison I*, appellant raised the ineffective assistance of counsel argument in his third assignment of error and we concluded:

> Here, Morrison bases his ineffective assistance of counsel claim on the arguments
>
> he made in his first and second assignments of error [appellant's plea was not
>
> knowingly, intelligently, and voluntarily entered and that two counts of attempted
>
> murder should have been merged]. However, we did not find error in either
>
> assignment of error. *** Consequently, Morrison did not have the ineffective
>
> assistance of counsel.
>
> *Id.* at ¶ 32.

As we have analyzed, the issues addressed and decided in *Morrison I*, mirror the arguments set forth in this appeal. The affidavits only provide more evidence of a previously adjudicated claim, and do not set forth a separate, dissimilar issue that was unavailable on direct appeal.

{¶ 20} Therefore, for the preceding reasons, we find appellant's sole assignment of error is barred by the doctrine of res judicata. The three affidavits presented here do not defeat the doctrine's application. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

Harsha, J. concurring:

{¶ 21} I agree that the merger issue Morrison attempts to raise in a September 17, 2012 motion to withdraw his plea is barred by res judicata because he could have, but did not, raise it in his direct appeal. However, the same cannot be said for the issue of counsel's advice on sentencing. A direct appeal would not have been the proper forum because that issue relies on evidence outside the record. However, res judicata still precludes our consideration of the issue because Morrison could have but failed to raise it in his March 24, 2010 pro se motion to withdraw his plea. Thus, I concur in judgment only in that regard.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs with Concurring Opinion.
McFarland, P.J.: Concurs in Judgment Only.

For the Court

By:_____
          Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.