[Cite as *State v. Burkes*, 2014-Ohio-3311.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA3582 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| AARON C. BURKES, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | Released: 07/29/2014 |

<u>APPEARANCES:</u>

James H. Banks, Dublin, Ohio for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio for Appellee.

Hoover, J.:

{¶ 1} Defendant-appellant, Aaron C. Burkes, appeals a judgment of the Scioto County Court of Common Pleas denying his Motion to Withdraw Guilty Pleas and Vacate Convictions and Sentences. On August 6, 2007, Burkes was sentenced to sixteen (16) years in prison after pleading guilty to two first degree felonies and one second degree felony. On appeal, Burkes raises one assignment of error. Burkes argues that the trial court erred when it denied his motion to withdraw his guilty pleas and/or vacate his sentence. For the following reasons, we sustain his sole assignment of error and remand this cause for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 6, 2007, appellant Burkes pleaded guilty to one count of Trafficking in Drugs, a first degree felony, in violation of R.C. 2925.03(A)(2) & (C)(4)(f), one count of

Possession of Drugs, a first degree felony, in violation of R.C. 2925.11(A)/(C)(4)(e), and one count of Conspiracy, a second degree felony, in violation of R.C. 2923.01/2925.03. The trial court sentenced Burkes to 8 years for each of the three offenses. The trial court ordered the sentences for the offenses of Trafficking in Drugs and Possession of Drugs to be served concurrently. The trial court also ordered that the sentence for the Conspiracy offense be served consecutively to the others for a total of 16 years in prison.

{¶ 3} Burkes did not file a direct appeal of his sentence or convictions. Then in July 2012, he filed, a pro se Motion to Prepare Sentencing Transcripts at State Expense and a Motion to Vacate Void Sentence. In Burkes's Motion to Vacate Void Sentence, he argued that the trial court failed to notify him of mandatory post release control and the consequences if he shall fail to comply with it. The motion contended that the sentence is void because of the failure of the trial court to advise the offender of post release control under Crim.R. 11. The trial court overruled both motions.

{¶ 4} In May 2013, Burkes, this time represented by counsel, filed a Motion to Withdraw Guilty Pleas and Vacate Convictions and Sentences. The trial court scheduled an oral hearing on the matter for October 3, 2013. A day before, on October 2, 2013, the trial court overruled the motion, finding it to be a petition for postconviction relief under R.C. 2953.21. The trial court concluded that the petition was untimely and that no exception found in R.C. 2953.23(A)(1) applied.

{¶ 5} In October 2013, Burkes timely filed this appeal of the trial court's dismissal.

APPELLANT'S SOLE ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT TO
WITHDRAW HIS GUILTY PLEAS AND/OR VACATE HIS CONVICTIONS

AND SENTENCE BASED UPON INEFFECTIVE ASSISTANCE OF

COUNSEL AND IN FAILING TO HOLD AN EVIDENTIARY HEARING ON

HIS MOTION TO WITHDRAW HIS GUILTY PLEAS AND VACATE HIS

CONVICTIONS AND SENTENCE.

{¶ 6} Although Burkes presents only one assignment of error, multiple issues comprise that assignment of error. First, Burkes argues that the trial court erroneously failed to consider Crim.R. 32.1 when it denied his motion. Burkes contends that a motion under Crim.R. 32.1 has no time limit and Crim.R. 32.1 and R.C. 2953.21 are wholly separate remedies. He also contends that the trial court erred in failing to hold an evidentiary hearing on the motion. On the merits, Burkes argues that due to the ineffective assistance of counsel he received during his initial court proceedings, his plea should be vacated along with his convictions and sentences.

{¶ 7} The nature of Burkes's Motion to Withdraw Guilty Pleas and Vacate Convictions and Sentence is the prevailing issue in this appeal. The basis of the motion was that Burkes's counsel failed to inform him or the trial court that the counts of Trafficking in Drugs and Possession of Drugs were allied offenses of similar import. Also, Burkes argued that he could not have been convicted of both Trafficking in Drugs and Conspiracy. Therefore, Burkes argued, because of the ineffective assistance of counsel, the guilty pleas were not made knowingly and voluntarily.

{¶ 8} Examining Burkes's trial court motion, it presents a motion to withdraw his guilty plea under Crim.R.32.1, but the motion also sets forth a collateral attack on his conviction and sentence. The motion itself asks the trial court to "***permit defendant to withdraw his guilty pleas in this case *and/or* vacate his convictions, forthwith." (Emphasis Added.) The motion also cites, in addition to the acts of Burkes's counsel, "***the misapplication of law as to imposition

of duplicative sentences which are contrary to the Ohio Revised Code***'" as requiring his pleas to be withdrawn and his convictions vacated.

{¶ 9} The trial court found the motion to be a "petition for postconviction relief." The trial court then cited to 2953.21(A)(1) and found no exception applied in order for it to entertain the untimely petition.

{¶ 10} R.C. 2953.21 and R.C. 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522 ¶ 14. "Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently." *Id*. R.C. 2953.21(J) provides that "the remedy set forth in this section is an exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case***." "Given that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets the withdrawal of a plea, it is not a "collateral challenge to the validity of a *conviction or sentence*. *Bush* at ¶ 13. Crim.R. 32.1 itself does not prescribe a time limitation. *Bush* at ¶ 14. "Although, timeliness 'is a factor adversely affecting the credibility of the movant and militating against the granting of the motion,' the rule itself does not impose a time limit for filing a motion to withdraw a guilty plea after the trial court has sentenced the defendant." *State v. Darget*, 4th Dist. Scioto No. 12CA3487, 2013-Ohio-603, ¶ 19 quoting *Bush* at ¶ 14.

{¶ 11} In some instances, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. However, since Crim.R. 32.1 and R.C. 2953.21 exist independently, it would not be appropriate for the trial court to recast a Crim.R. 32.1 motion to withdraw a guilty plea into a petition for postconviction relief pursuant to

R.C. 2953.21 *Schlee* at ¶ 13; see also *State v. McCann*, 4th Dist. Lawrence No. 12CA18, 2013-Ohio-2992, ¶ 15 ("Thus, because the motion was clearly grounded in Crim.R. 32.1, even if a petition for post-conviction had not been time-barred, the trial court would not have been permitted to recast the motion as a petition for post-conviction relief***"); *State v. Parks*, 7th Dist. Carroll No. 11CA873, 2012-Ohio-3011, ¶ 23.

{¶ 12} We have previously stated the legal standard for Crim.R. 32.1 motion in *State v. Morrison*, 4th Dist. Adams No. 13CA959, 2013-Ohio-5684, ¶ 9:

> Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty or no contest plea only to correct a manifest injustice. *State v. Dotson,* 4th Dist. Washington No. 03CA53, 2004-Ohio-2768, ¶ 5. The Supreme Court of Ohio has defined "manifest injustice" as a clear or openly unjust act. *Id.* citing *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). This standard permits a defendant to withdraw his plea only in extraordinary cases. *Dotson,* supra; *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 13} Here, the trial court erred when it found the Motion to Withdraw the Guilty Pleas and Vacate Convictions and Sentences to be a petition for post conviction relief. Burkes cites Crim.R. 32.1 and argues that ineffective assistance of counsel constituted manifest injustice. Burkes also argues that the guilty plea was not made knowingly and voluntarily. Pursuant to *Bush* and *Schlee*, the court was incorrect in recasting the motion as solely a petition for post conviction relief and judging it only under R.C. 2952.21. We will remand this cause in order for the trial court to consider the motion under the proper Crim.R. 32.1 legal standard. In addition the trial court will have to rule on Burkes's request for a hearing.

{¶ 14} However, as previously described, Burkes also presents a collateral attack on his convictions and sentences. *See e.g. State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131, 1133 (1997). The motion stated: "Further, the acts of defendant Burkes' counsel, coupled with the misapplication of law as to imposition of duplicative sentences which are contrary to the Ohio Revised Code, require that his pleas be withdrawn and his convictions be vacated." The title of the motion also contains language associated with a petition for post conviction relief.

{¶ 15} To the extent that the motion is partially a petition for postconviction relief, we find that the trial court correctly determined the petition to be untimely. This Court reviews a trial court's decision granting or denying a postconviction relief petition, filed pursuant to R.C. 2953.21, under an abuse of discretion standard. *See Knauff* at ¶ 19; see also *State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 8; *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *Knauff* at ¶ 19 citing *Cullen v. State Farm Mut. Auto. Ins. Co.,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19. Furthermore, "a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *Id.* quoting *Gondor* at ¶ 58.

{¶ 16} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal. If no direct appeal is filed, then the petitioner has 180 days after the expiration of the time in which a direct appeal could have been filed.  R.C. 2953.21(A)(2). It is clear that Burkes's motion was filed well after the 180-day time period had already elapsed.

{¶ 17} R.C. 2953.23(A)(1) allows a trial court to entertain an untimely filed petition for postconviction relief if:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1)(a)-(b).[1]

{¶ 18} Burkes has failed to demonstrate the applicability of an exception that would allow that trial court to consider his petition for postconviction relief. Therefore, insofar as Burkes's motion contained an argument constituting a petition for postconviction relief, the trial court had no jurisdiction to consider the petition. Consequently, the trial court lacked jurisdiction to address the merits of the petition and should have dismissed it for lack of jurisdiction.

---

[1] R.C. 2953.23(A)(2) provides another circumstance where an untimely petition may be heard, but it is wholly inapplicable to this case.  In order to meet R.C. 2953.23(A)(2), a petitioner must have undergone DNA testing and the results establish, by clear and convincing evidence, actual innocence.

{¶ 19} For these reasons, the judgment of the Scioto County Court of Common Pleas is reversed. The trial court's judgment entry denying appellant's petition for postconviction relief is vacated. Upon remand, the trial court shall enter a dismissal of appellant's petition for postconviction relief since it is time barred. However, with respect to the Motion to Withdraw the Guilty Pleas and Vacate Convictions and Sentences, the trial court shall review the motion and consider the merits using the legal standard for Crim.R. 32.1 motions, including ruling on the issue of whether an oral hearing shall be held.

JUDGMENT REVERSED AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and the cause is REMANDED for proceedings consistent with this decision. The trial court's judgment entry denying the petition for postconviction relief is VACATED. The trial court is ordered to enter a DISMISSAL of only the petition for postconviction relief for lack of jurisdiction. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.: Concur in Judgment & Opinion.

For the Court

By:_____
          Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.